NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| RAJ KUMAR SINGH, <br><br>                 Petitioner, <br><br>    v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>                 Respondent. | No. 15-70442 <br><br> Agency No. A096-174-746 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2017[**]
San Francisco, California

Before: M. SMITH and IKUTA, Circuit Judges, and HUMETEWA,[***] District Judge.

Raj Kumar Singh, a citizen of India, petitions for review of the Board of

Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

Judge's (IJ) decision (1) denying his request for a continuance of his removal hearing and (2) denying his application for protection under the Convention Against Torture (CAT). We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252, and we affirm.

1. The BIA held that the IJ did not abuse her discretion or violate Singh's due process rights in denying Singh's request for a continuance to provide additional testimony in remanded proceedings. We agree. The record is clear that Singh, through counsel, affirmatively declined to testify, submitted the matter for a decision on the record, and represented that any further testimony would, in any event, be futile, due to his inability to authenticate the documentary evidence submitted with his motion to reopen. The IJ did not prevent Singh from "reasonably presenting [his] case" or "prevent the introduction of significant testimony." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010) (quoting *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009)). The IJ acted within her discretion in denying Singh's request for a continuance. *See id.* at 1110.

2. Substantial evidence supports the BIA's conclusion that Singh failed to establish that he would more likely than not be tortured if removed to India. *See* 8 C.F.R. § 1208.16(c)(2). Neither the evidence Singh submitted with his motion to reopen nor the evidence he submitted with his application establishes a clear probability of future torture.

First, the documentary evidence Singh submitted with his motion to reopen in 2009 consists solely of unauthenticated hearsay, to which the IJ properly accorded less probative value. *See Gu v. Gonzales*, 454 F.3d 1014, 1021–22 (9th Cir. 2006). Second, while Singh claims that his father died as a result of police torture in 2007, his father's death certificate did not indicate a cause of death, and the affidavits submitted by Singh's brother, mother, and village "sarpanch" stated only generally that his father had been beaten and tortured. No evidence described what mistreatment his father had endured or what injuries he suffered, and no medical information corroborated the circumstances of his father's death. Third, Singh failed to submit current country conditions to support his claim that the police were still pursuing him for information about Kashmiri militants over ten years after his departure from India.

The evidence Singh submitted with his application for CAT protection in 2003 does not establish a clear probability of torture either. First, the IJ found, and the BIA agreed, that the affidavit from the doctor who treated Singh after the August 2002 incident lacked professionalism and was not sufficiently reliable. Second, although Singh testified that the police beat him and applied a wooden roller to his body in September 2002, the IJ found that the credibility of Singh's claim was undermined by the fact that the affidavit he submitted with his asylum application made no mention of a wooden roller and did not include any details

3

about the beating that allegedly occurred. Further, Singh submitted no medical evidence to corroborate his testimony regarding the September 2002 incident.

As the evidence in the record does not "compel[] a contrary conclusion," the BIA's determination passes muster under the substantial evidence standard. *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007).

PETITION DENIED.